UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE CASEY, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-00895 |
| v. | (SAPORITO, M.J.) |
| CPG INTERNATIONAL, LLC d/b/a THE AZEK COMPANY, LLC, et al., | |
| Defendants. | |

## ORDER

Before the court is the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 37.) By this motion, the defendants seek judgment as a matter of law on all of the plaintiff's claims against them. The motion is fully briefed and ripe for decision. (Doc. 40; Doc. 41; Doc. 42; Doc. 43; Doc. 44; Doc. 45; Doc. 46; Doc. 49; Doc. 50; Doc. 51.)

This is an employment discrimination action under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951 *et seq.*[1]

---

[1] *See generally Salley v. Circuit City Stores, Inc.*, 160 F.3d 977, 979 n.1 (3d Cir. 1998) ("[A] claim under the PHRA is coextensive with a claim

*(continued on next page)*

The plaintiff claims that her former employer discriminated against her on the basis of disability, retaliated against her for protected activity, and failed to reasonably accommodate her disabilities.

With respect to the plaintiff's discrimination and retaliation claims, the moving defendants assert that they are entitled to summary judgment because (1) the plaintiff was terminated for legitimate, non-discriminatory, and non-retaliatory performance-related reasons, and (2) the plaintiff has failed to adduce sufficient evidence for a reasonable jury to conclude that these reasons were pretextual.[2] With respect to the plaintiff's retaliation claim, the moving defendants further assert that they are entitled to summary judgment because the plaintiff has failed to adduce sufficient evidence of protected activity. With respect to the plaintiff's failure to accommodate claim, the moving defendants assert that they are entitled to summary judgment because she received all disability-related accommodations she requested.

---

under the ADA."); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (noting that "Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts").

[2] *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (outlining burden-shifting "pretext" framework for proving discrimination or retaliation).

First, with respect to her discrimination and retaliation claims, the plaintiff responds that she has adduced direct evidence of discriminatory animus, which would permit her to proceed under the "more lenient" mixed-motive framework.[3] She points to: (1) a comment by her team lead, Amanda Jones, in response to learning of the plaintiff's request for a disability accommodation, "Then what good is she?"; (2) a later comment by her manager, Kathy May, expressing dismay that the plaintiff was "already complaining about her phone time"; and (3) a comment by May shortly before the plaintiff was terminated: "I told [human resources]

---

[3] *See generally Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (outlining mixed-motive framework for proving discrimination or retaliation); *Beird v. Lincoln Univ. of the Commonwealth Sys. of Higher Educ.*, 487 F. Supp. 3d 270, 279 n.3 (E.D. Pa. 2020) ("The 'mixed-motive-framework is 'more lenient' than the 'pretext' framework. 'The difference is in the degree of causation that must be shown: in a 'mixed motive' case, the plaintiff must ultimately prove that her protected status [or activity] was a 'motivating' factor, whereas in a non-mixed motive or 'pretext' case, the plaintiff must ultimately prove that her status was a 'determinative' factor.") (citations omitted). We do not reach the issue because we find the plaintiff has failed to identify direct evidence that would satisfy the *Price Waterhouse* standard, but we note that this court and others have previously found the mixed-motive framework not applicable under the statutory language of the ADA. *See Lamberson v. Pennsylvania*, 963 F. Supp. 2d 400, 413 (M.D. Pa. 2013); *Warshaw Concentra Health Servs.*, 719 F. Supp. 2d 484, 503 (E.D. Pa. 2010); *cf. Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175–80 (2009) (finding similar language used in the ADEA did not permit application of the *Price Waterhouse* mixed-motive framework to age discrimination cases).

that is the only job we have for her. They need to figure it out. If she can't work the phones then send her to production." But these statements are simply not "so revealing of discriminatory [or retaliatory] animus that it is not necessary to rely on any presumption from the prima facie case to shift the burden of production." *See Armbruster v. Unisys Corp.*, 32 F.3d 768, 778 (3d Cir. 1994); *see also Price Waterhouse*, 490 U.S. at 277 (O'Connor, J., concurring) ("[S]tray remarks in the workplace . . . cannot justify requiring the employer to prove that its hiring or promotion decisions were based on legitimate criteria. Nor can statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself, suffice to satisfy the plaintiff's burden in this regard."); *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 513–14 (3d Cir. 1997) ("[A] plaintiff must clear a high hurdle to qualify for a mixed motive instruction . . . .").

Second, with respect to her retaliation claim, the plaintiff responds that she has adduced evidence of protected activity. The plaintiff has adduced evidence that her request for an accommodation limiting her phone time to two hours per day was followed shortly by the initial "audit" of her work by her manager, May, which led to a series of work-

related criticisms and corrections, culminating in placement of the plaintiff on a performance improvement plan and, ultimately, her termination. Based on our review of the motion papers and the evidence proffered by the parties in support and opposition to the motion, we find that there is a genuine dispute of material fact precluding summary judgment in favor of the employer-defendants on the plaintiff's retaliation claim. In particular, we find that, viewing the proffered evidence in the light most favorable to the non-moving party, a reasonable jury could find that: (1) the plaintiff engaged in a protected activity; (2) adverse action was taken by the defendant either during or after the protected activity that was sufficient to deter a person of ordinary firmness from engaging in the protected activity; and (3) a causal connection between the protected activity and the adverse action existed. *See Derrick F. v. Red Lion Area Sch. Dist.*, 586 F. Supp. 2d 282, 300 (M.D. Pa. 2008); *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000).

Third, with respect to her failure-to-accommodate claim, the plaintiff responds that, notwithstanding the fact that both of her two specific requests for accommodation—a request to work remotely due to the risk of COVID-19 one week before the entire company workforce went

to remote work, and a request to limit her phone time to two hours per day—were granted, her employer failed to engage in the interactive process in good faith. *See generally* 29 C.F.R. § 1630.2(*o*)(3) ("To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation."); 29 C.F.R. pt. 1630 app. § 1630.9 ("Once an individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the individual with a disability.").

As the Third Circuit has previously observed:

> The interactive process does not dictate that any particular concession must be made by the employer; nor does the process remove the employee's burden of showing that a particular accommodation rejected by the employer would have made the employee qualified to perform the job's essential functions. All the interactive process requires is that employers make a good-faith effort to seek accommodations.
>
> Employers can show their good faith in a number of ways, such as taking steps like the following: meet with the employee who requests an accommodation, request

> information about the condition and what limitations the employee has, ask the employee what he or she specifically wants, show some sign of having considered employee's request, and offer and discuss available alternatives when the request is too burdensome. . . .
>
> . . . [T]he employer will almost always have to participate in the interactive process to some extent before it will be clear that it is impossible to find an accommodation that would allow the employee to perform the essential functions of a job.
>
> Put differently, because employers have a duty to help the disabled employee devise accommodations, an employer who acts in bad faith in the interactive process will be liable if the jury can reasonably conclude that the employee would have been able to perform the job with accommodations.

*Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 317–18 (3d Cir. 1999) (citation omitted).

Based on our review of the motion papers and the evidence proffered by the parties in support and opposition to the motion, we find that there is a genuine dispute of material fact precluding summary judgment in favor of the employer-defendants on the plaintiff's failure-to-accommodate claim. In particular, we find that, viewing the proffered evidence in the light most favorable to the non-moving party, a reasonable jury could find that, following disclosure of her disability and her two requests for specific accommodations, the plaintiff's ongoing and

escalating complaints about her workload fall within the context of the interactive process, and that the employer's response of work-related criticisms and corrections, culminating in placement of the plaintiff on a performance improvement plan and, ultimately, her termination constituted a failure to engage in the interactive process in good faith.

Fourth, with respect to her discrimination and retaliation claims, the plaintiff responds that she has adduced sufficient evidence for a reasonable jury to conclude that the reasons given for her termination were pretextual. The plaintiff points to the previously discussed negative comments by her team lead and manager following her request for accommodation. *See Brewer v. Quaker State Oil Refin. Corp.*, 72 F.3d 326, 333–34 (3d Cir. 1995) (supervisor's statement was relevant evidence of corporate culture and managerial policy properly used to build circumstantial case of discrimination); *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1214 (3d Cir. 1995) (discriminatory statements by nondecisionmakers properly used to build circumstantial case of discrimination). She points to evidence that she was terminated for particular actions that she was explicitly instructed to do by her team lead. *See Codada v. Grace Adult Day Health Care Inc.*, Civil Action No.

13-2003, 2014 WL 988597, at *4 (E.D. Pa. Mar. 14, 2014). She points to evidence of temporal proximity between her requests for accommodation and workload complaints in June and her subsequent placement on a performance improvement plan in August and the decision to terminate her made in September. *See Fasold v. Justice*, 409 F.3d 178, 189–90 (3d Cir. 2005) (finding temporal proximity where adverse employment action followed less than three months after protected activity). Finally, she points to her employer's offer of severance compensation in exchange for waiving discrimination or retaliation claims. *See Staffieri v. Nw. Hum. Servs., Inc.*, Civil Action No. 12-1612, 2013 WL 2245639, at *5, *9 (E.D. Pa. May 22, 2013) (finding decision to offer plaintiff severance on condition he waive discrimination claims when not required by uniform company policy was relevant evidence of pretext).

Based on our review of the motion papers and the evidence proffered by the parties in support and opposition to the motion, we find that there is a genuine dispute of material fact precluding summary judgment in favor of the employer-defendants on the plaintiff's discrimination and retaliation claims. In particular, we find that, viewing the proffered evidence in the light most favorable to the non-moving

party, a reasonable jury could find that the performance-based reasons given for the plaintiff's termination were a pretext for discrimination on the basis of disability or retaliation for engaging in ADA-protected activity.

Accordingly, **IT IS HEREBY ORDERED THAT** the motion for summary judgment (Doc. 37) is **DENIED**.

Dated: March **27**, 2023

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge